**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:06CR231** |
| Plaintiff, | ) | |
| vs. | ) | **AMENDED** |
| | ) | **TENTATIVE FINDINGS** |
| **MICHAEL BRIAN WRIGHT,** | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") in this case and the Defendant's objections (Filing No. 37). *See* Order on Sentencing Schedule, ¶ 6. The government adopted the PSR. (Filing No. 41.) The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The Defendant objects to ¶¶ 27 (safety valve) and 39[1] (possession of weapon in connection with another felony offense). The objections are discussed below.

*¶ 27 - Safety Valve*

The Defendant objects to the absence of a downward adjustment for the safety valve pursuant to U.S.S.G. § 5C1.2. The safety valve only applies to drug offenses. U.S.S.G. § 5C1.2(a). The Defendant also cites to U.S.S.G. § 2D1.1, which is a guideline for drug offenses. The objection is denied.

---

[1] The objections state "38"; however, the objection apparently relates to ¶ 39.

***¶ 39 - Possession of Weapon in Connection With Another Felony Offense***

Paragraph 39 includes a 4-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(5) for possessing the weapons in question in connection with another felony offense. The "other" felony offense is the burglary alluded to in ¶ 28. The offense of conviction is felon in possession of a firearm. The firearms found during a traffic stop were allegedly stolen from the Defendant's father. (PSR, ¶ 28.) In determining whether firearms facilitated a felony burglary and therefore whether § 2K2.1(b)(5) applied, the Eighth Circuit previously stated:

> the stolen gun had the potential of facilitating the burglary because "[a]t any time during the burglary, [defendant] could brandish the gun or threaten injury or death, whether or not it was loaded." Id. at 865. See also United States v. Hedger, 354 F.3d 792, 795 (8th Cir.2004) (holding that stealing a firearm from a gun shop justified the enhancement). [Defendant] could have brandished the weapons that he stole at any point during the burglaries. Accordingly, we find that the district court correctly applied this enhancement.

*United States v. Olthoff,* 437 F.3d 729, 732 (8th Cir. 2006).

*Olthoff* involved guns stolen during a crime spree during which the defendant broke into homes and vehicles. In the instant case, the facts in the PSR indicate that the Defendant and others entered his father's home through a window. However, the facts are not developed sufficiently for the Court to determine based on the record whether the enhancement was properly applied. Remaining questions include whether the Defendant could have brandished the guns or used them to threaten injury or death during the burglary, whether the guns were loaded, and whether anyone was present in the home when the Defendant took the weapons. The burden is on the government by a preponderance of the evidence. The objection will be heard at sentencing.

IT IS ORDERED:

1. The parties are notified that my tentative findings are that the Defendant's objection to ¶ 27 is denied;

2. The Defendant's objection to ¶ 39 will be heard at sentencing;

3. Otherwise, my tentative findings are that the PSR is correct in all respects;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 25th day of October, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge